UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 12-52291

THERESA L. CASSINI,  Chapter 13

          Debtor.  Judge Thomas J. Tucker
_____/

THERESA L. CASSINI,

          Plaintiff,

v.  Adv. Pro. No. 12-5112

RAY CONSTRUCTION CO., INC.,

          Defendant.
_____/

**ORDER DENYING, AS UNNECESSARY, DEBTOR-PLAINTIFF'S
MOTION FOR RELIEF FROM THE JANUARY 7, 2013 CONSENT JUDGMENT,
AND DETERMINING THAT UNDER THE CONSENT JUDGMENT,
DEFENDANT'S LIEN HAS BEEN EXTINGUISHED AND TERMINATED**

This adversary proceeding is before the Court on a motion filed by the Debtor/Plaintiff, Theresa L. Cassini, on September 10, 2020, entitled "Debtor's/Plaintiff's Motion for Relief [From] Order under Federal Rule of Civil Procedure 60(b)(6) and Local Bankruptcy Rule 9024-1(d)" (Docket # 30, the "Motion"). The Motion seeks limited relief from the "Consent Judgment" entered in this adversary proceeding on January 7, 2013 (Docket # 22, the "Consent Judgment"). The Defendant, Ray Construction Co., Inc., filed a timely objection to the Motion, on September 24, 2020 (Docket # 31).

Having reviewed the matter, the Court concludes that a hearing on the Motion is not necessary, and that the Motion itself should be denied as unnecessary, for the following reasons.

The Debtor's Motion seeks relief based on a concern that the present wording of the Consent Judgment might not enable the Debtor to strip a lien off her real property, as it was intended to do. The Consent Judgment contains language that the Debtor believes might prevent the "lien held by Ray Construction Co., Inc. which encumbers the Debtor's real property situated in the City of Belleville, County of Wayne, commonly known as: 16620 Haggerty Road, Belleville, Michigan 48111" (the "Property") from being stripped off the Property, unless the Debtor receives a discharge in her Chapter 13 case (Case No. 12-52291).

But long before the Consent Judgment was entered on January 7, 2013, it was known to the Debtor, the Defendant, and every other party in interest in the Debtor's Chapter 13 case, that the Debtor is not eligible for a discharge in her Chapter 13 case. The Court entered an Order to that effect in the Chapter 13 case, on June 15, 2012 (Docket # 38 in Case No. 12-52291).

In her present Motion, the Debtor requests modification of the Consent Judgment, to make it clear that the lien held by Ray Construction Co., Inc. was terminated and discharged upon the Debtor's completion of her confirmed plan in her Chapter 13 case, without any requirement that the Debtor also receive a discharge in her Chapter 13 case. But the Court interprets the Consent Judgment already to say and mean this. So it is not necessary to modify the Consent Judgment in order for the Debtor to obtain the lien-strip relief she seeks.

The Consent Judgment states, in pertinent part:

> IT IS ORDERED that the Claim of Lien held by Ray Construction Co., Inc. which encumbers the Debtor's real property situated in the City of Belleville, County of Wayne, commonly known as: 16620 Haggerty Road, Belleville, Michigan 48111, legally described as: THAT PART OF THE SOUTHWEST ¼ OF SECTION 36, TOWN 3 SOUTH, RANGE 8 EAST, DESCRIBED AS BEGINNING AT A POINT ON THE CENTER LINE OF

SAVAGE ROAD DISTANT DUE SOUTH ALONG THE WEST LINE OF SAID SECTION 36, 526.60 FEET AND NORTH 76° 51' 10" EAST 485.82 FEET AND NORTH 81° 09' 10" EAST 1384.02 FEET ALONG THE CENTER LINE OF RIGGS ROAD, AND SOUTH 0° 44' 10" WEST 329.05 FEET AND SOUTH 37° 40' 30" EAST 59.07 FEET ALONG THE CENTER LINE OF SAVAGE ROAD, FROM THE WEST QUATOR CORNER OF THE SAME SECTION 36, AND PROCEEDING THENCE SOUTH 37° 40' 30" EAST ALONG THE CENTER LINE OF SAVAGE ROAD109.76 FEET TO THE NORTHEAST CORNER OF A PARCEL OF LAND DEEDED TO NICHOLAS J. NEHEZ AND EVA F. NEHEZ, HIS WIFE; THENCE SHOUTH 76° 40' 30" WEST ALONG THE NORTH LINE OF SAID NICHOLAS J. NEHEZ AND EVA F. NEHEZ'S PARCEL 375.86 FEET; THENCE DUE NORTH 102.77 FEET; THENCE NORTH 76° 40' 30" EAST 306.91 FEET TO THE POINT OF BEGINNING, CONTAINING 0.7837 ACRES, MORE OR LESS. according to the plat thereof, as recorded in Liber 46791, Page 274-274 of plats, Wayne County Records, **shall be extinguished, terminated and no longer retain a security interest upon successful completion of Debtor's Chapter 13 Plan.**

IT IS FURTHER ORDERED that the above described Claim of Lien held by Ray Construction Co., Inc. in the Chapter 13 Proceeding of the aforementioned Debtor shall be abrogated and null and void if the Plaintiff completes the Chapter 13 Plan **and receives an order of discharge under 11 U.S.C. 1328(a).**

IT IS FURTHER ORDERED that any proof of claim filed by creditor Ray Construction Co., Inc. on the Court's Claims Register shall now be treated as an allowed non-dischargeable unsecured claim in this Chapter 13 case.

IT IS FURTHER ORDERED that upon successful completion of the Chapter 13 Plan **and receipt of an order of discharge under 11 U.S.C. 1328(a)**, the Claim of Lien shall be extinguished, terminated and shall no longer retain a security interest in the previous described property of the Debtor.

IT IS FURTHER ORDERED that in the event that Ray Construction Co., Inc. does not execute and deliver to the Plaintiff's any termination statement, or other document that is or may be required to by law to release and discharge the Claim of

> Lien, the Debtor shall be permitted to use the attached Consent
> Order along with the Order of Discharge as authorization for
> termination and release of the Claim of Lien.[1]

The first "IT IS ORDERED" paragraph quoted above says, and clearly means, that the Defendant's lien will be "extinguished" and "terminated" merely upon completion of the Debtor's confirmed Chapter 13 plan. It does not require that the Debtor also obtain a discharge in her Chapter 13 case.

It is true that the second and fourth "IT IS ORDERED" paragraphs quoted above contain language that requires completion of the Debtor's plan plus a Chapter 13 discharge in order for the Defendant's lien to be extinguished. But those paragraphs simply provide additional grounds on which the Defendant's lien could be extinguished. They do not negate, limit, or override the first "IT IS ORDERED" paragraph. Nor is there any other language in the Consent Judgment that negates, limits, or overrides the first "IT IS ORDERED" paragraph. That paragraph independently provides for termination of the Defendant's lien without the need for the Debtor to obtain a Chapter 13 discharge, and the Court cannot ignore that paragraph. All that is required is that the Debtor successfully complete her confirmed Chapter 13 plan.

It is clear from the record in the Debtor's Chapter 13 case that the Debtor did successfully complete her confirmed Chapter 13 plan.[2] So it is also clear that the Defendant's lien is now

---

[1] Consent Judgment (Docket # 22) (emphasis added).

[2] The Debtor's Chapter 13 Plan (Docket # 106 in Case No. 12-52291) was confirmed by an Order Confirming Plan filed on January 29, 2014 (Docket # 111 in Case No. 12-52291), and then later the plan was modified, three times. (*See* Docket ## 120, 133, 220 in Case No. 12-52291). In her Final Report, filed August 13, 2020 (Docket # 230 in Case No. 12-52291, at p. 1 ¶ 5), the Chapter 13 Trustee stated that the Chapter 13 plan was completed on February 18, 2019. And earlier, in her "Trustee's Notice of Final Cure Payment [etc.]" filed on July 10, 2020 (Docket # 227 in Case No. 12-52291 at p. 1), the Chapter 13 Trustee stated that the Debtor had "completed all payments under the confirmed Chapter

extinguished and terminated, and the Court so rules.³

Based on the foregoing, the Court concludes that it is not necessary to modify the Consent Judgment in order for the Debtor to obtain the lien-strip result she seeks. For that reason, the Court will deny the Debtor's Motion, as unnecessary. Accordingly,

IT IS ORDERED that the Debtor's Motion (Docket # 30) is denied, as unnecessary.

IT IS FURTHER ORDERED that the Defendant's lien on the Debtor's Property, described in this Order above and in the Consent Judgment (Docket # 22), is extinguished and terminated, based on the terms of the Consent Judgment.

IT IS FURTHER ORDERED that this Order, together with a copy of the Consent Judgment, may be recorded and used to discharge the Defendant's lien of record.

**Signed on October 2, 2020**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

---

13 plan." No timely objections were filed by Defendant, or anyone else, to the Trustee's July 10, 2020 Notice.

³ As the Chapter 13 Trustee's Final Report indicates, no distribution was made to the Defendant in the Debtor's Chapter 13 case. (Docket # 230 in Case No. 12-52291 at p. 2). This is because the Defendant never filed a proof of claim. As quoted above, the Consent Judgment, the terms of which were incorporated into the Order Confirming Plan in the Chapter 13 case (Docket # 111 in Case No 12-52291), provided that "any proof of claim filed by creditor Ray Construction Co., Inc. on the Court's Claims Register shall now be treated as an allowed non-dischargeable unsecured claim in this Chapter 13 case." (Consent Judgment, Docket # 22). But the Defendant never filed a proof of claim, and therefore was not entitled to any distribution under the Debtor's confirmed plan.